BOLIN, Judge.
Jeanette W. Ivy sues her employer, Sel-ber Brothers, Inc., and its workmen’s compensation insurer for workmen’s compensation benefits for total and permanent disability allegedly due her by reason of a work-related accident occurring about January 30, 1969. For reasons made a part of the record, the trial judge rejected plaintiff’s demands and from a formal judgment signed in conformity with these reasons, plaintiff appeals. We affirm the judgment of the lower court.
Plaintiff, a hyperallergic individual, sen-sative to a wide variety of common substances found throughout nature, contends that on or about the alleged date of the accident she was brought into contact with an insecticide spray which Selber Brothers had caused to be applied to its premises; that her coming into contact with this spray caused a “flare-up” of her allergic condition which resulted in her becoming totally and permanently disabled within the meaning of the Workmen’s Compensation Act. Numerous witnesses testified during the trial below, including , Dr. W. H. Browning, an allergy specialist of Shreveport, Louisiana.
In his reasons for judgment the district judge stated:
“The Court heard testimony of the plaintiff as well as her physician and various employees of Selber Bros, reference the incident. The plaintiff had a long history of allergic reactions. Her doctor testified that she, in fact, was allergic to almost every known substance which could and did cause allergic reactions, i. e., hay fever type symptoms.
“Considering the testimony presented the Court felt that the plaintiff failed to carry her burden of proof. This required the establishment of a causal connection between the spraying and any flareup in her pre-existing allergic condition. There simply was no connection shown between the spray or any product or *403 chemical used in the spray and the reaction. There was a discrepancy as to whether the plaintiff also failed to show that the basic condition which she had had for many years was worsened after the alleged spraying incident. The plaintiff had been going almost weekly to the doctor for the same treatments which she went weekly for after the incident.
“Thus the plaintiff’s failure to carry her burden of proof constrains the Court to dismiss the plaintiff’s action at plaintiff’s cost.”
The issue before us is one of fact. From our study of the record we are in full accord with the findings and conclusion of the trial judge and, accordingly, the judgment is affirmed at appellant’s cost.